Mr. Justice Huger
delivered the opinion of the Court.
The possession of one tenant in common is the possession of both ; and although the unity of possession may be destroyed' by an actual ouster, that ouster must be either positively proved1, dr such' circumstances must be proved iri'would support the presumption of an ouster.
' In Taylor and Prosser, (1 Cowper, 219,) 44 years possession,1 after a particular estáte ended, where more than quadruple the 'time allowed' by the statute of limitations for bringing an account had ¿lapsed, were thought'sufficienfc to'authorize the presumption of an ouster, So'when the tenant in possession refused admission tó his companion, saying, if you come in it must be by law, has been held td> be sufficient proof of adverse possession.' (See 1 Mass. .Rep, 333. J But it has been repeatedly ruled that the bare perception of profits ohly was not sufficient to authorize the presumption of an oustér. (2 Salkeld, 423. 5 Bur. 2604. and 2 Blacks. Rep. 690.)
' ■ There is' nothing in this cáse to authorize the presumption of árí ouster but the bayfe perception of profits, unless it be.the 'vague declaration of an uncertain witness, to which I can attach ho'consequence. '■
The motion' therefore must prevail.
Justices Richardson and Gantt,'concurred.
Justice's Johnson- and Colcock, dissented.