17504

H. P. BELLAMY *et al.,* Appellants, v. Gurley JOHNSON, Mayor,
*et al.,* Respondents

(107 S. C. (2d) 33)

*H. T. Abbott, Esq.,* of Conway, *for Appellants,*

*Messrs. S. Watson Dawes,* of Ocean Drive Beach, *John C. Thompson,* of Conway, and *J. M. Long, Jr.,* of Myrtle Beach, *for Respondents,*

February 16, 1959.

STUKES, Chief Justice.

This is an appeal from a judgment which upheld proceedings for the annexation of adjoining territory to the munici-

pality of Ocean Drive Beach in Horry County. Sec. 47-11 *et seq.,* Code of 1952. The former incorporated area consists of about one and one-half square miles while the area proposed to be annexed is about three and one-half square miles, much of it farm land and much undeveloped. The required election resulted favorably in both the municipality and in the area proposed to be annexed.

There are many questions on appeal, one being the contention that the annexation is unnecessary, unreasonable and without benefit and, therefore, invalid. We cannot so hold upon the evidence which was adduced. It is rare that a court will intervent upon the stated ground. 62 C. J. S., Municipal Corporations, § 64 b, p. 171 *et seq.*; 37 Am. Jur. 646, Municipal Corporations, Sec. 29; Annotation, 64 A. L. R. 1335; *Harrell v. City of Columbia,* 216 S. C. 346, 58 S. E. (2d) 91.

Appellants also contend that an insufficient number of freeholders signed the petition and that there were other irregularities in the proceedings. We deem it unnecessary to consider these contentions because there was another irregularity, to which we shall advert, which we think should be held to have voided the election; and the long lapse of time (almost three years) pending the litigation has rendered the proceedings stale. They will have to be commenced and completed again if the anexation is to be legally accomplished, and will doubtless be done with more care.

The fatal irregularity to which we have referred is that upon the ballot used in the election there appeared the following:

"Stipulation

"It is hereby stipulated and agreed by and between the Town of Ocean Drive Beach and the above described territory that if the above described territory is included in the Town of Ocean Drive Beach that the Town of Ocean Drive Beach shall pass an Ordinance exempting all parcels of un-

developed real estate in excess of ten (10) acres owned by any person or persons from taxation until such property is. developed or divided into lots."

The record does not contain any history or explana- tion of the foregoing; none of the testimony relates to it. Only the order of the County Commissioners of Elections and the specimen ballot, which were exhibits, con- tain it. It was said in the decree of the lower court that the basis of it was Act No. 886 of the General Assembly of 1956, 49 Stat. 2140, which follows: "The governing body of the Town of Ocean Drive Beach in Horry County may by ordi- nance exempt from municipal taxation any property, the exemption of which is not prohibited by the Constitution of this State." Although alleged in the answer, there is no evi- dence that the "governing body" ever took any implemental action, so we need not examine the validity of such, if it was taken, and we express no opinion thereabout. It is axi- omatic that decision upon the constitutionality of legislative action will be avoided if it is unnecessary to the disposition of the case at hand; and here it is not necessary to the issue presented because, on the trial record which is before us, the stipulation was simply an empty promise.

Under the stated circumstances the ballot was misleading, to say the least. It was unfairly calculated to induce favor- able votes by freeholders who were residents in the area pro- posed to be annexed.

A similar situation arose in *Beck v. City of Cincinnati*. 1955, 162 Ohio St. 473, 124 N. E. (2d) 120. There the elec- tion was upon a proposed tax levy and there was the follow- ing statement on the ballot: "If levy passes, there will be no city income tax in 1955 or 1956." It was held to have invali- dated the election. We quote from the opinion of the court, by Chief Justice Weygrandt:

"The charter of the city of Cincinnati and the election laws of the State of Ohio above quoted make no provision for inclusion in a ballot for the submission of an additional

tax levy, *dicta,* in the nature of a persuasive argument in favor of or against the issue of such additional levy. * * * If argumentation, promises, misrepresentations or coercive statements should be permitted on the face of the ballot, one could not predict the limits of such practice and the confusion which may ensue. * * *

"The inclusion of the so-styled parenthetical phrase * * *, well intended as it may have been, is beyond the authority of city council to make. * * * The council, by making the promise not to levy an income tax in 1955 or 1956, was acting beyond the scope of its authority. * * * The courts have rather liberally interpreted the laws pertaining to the election of public officials * * *. They will not indulge such liberality of construction of ballots containing unauthorized statements or misrepresentations where bond issues or tax levies are the subject of the ballot."

Another reason for our avoidance of decision upon ■ the constitutionality of the exemption promised by the stipulation is that the lower court did not pass upon the question. It held such unnecessary because, quoting from the decree: "Even if this stipulation is unconstitutional, such an exemption will not cause an annexation to fail that is otherwise valid." No reason or authority was cited for this conclusion and we do not agree with it.

In support of it respondents cite in their brief *Hislop v. City of Joplin,* 1913, 250 Mo. 588, 157 S. W. 625, 626, which rather indicates the result which we reach here. There an act authorizing extension of city limits provided that "all agricultural and pasture lands in tracts in excess of forty acres in such city shall be exempt from taxation for city purposes until said lands are laid off into lots and blocks and plats of the same filed for record." Held: Provisions in act unconstitutional and void but remainder of act held separable and valid, and extension of city limits thereunder valid. The court said: "The ordinance submitting to the voters the question as to the proposed extension is not in the record, and it will be presumed (that) it followed the valid portion

of section 5752 [V.A.M.S. § 77.020] and contained no provision attempting to exempt any property from taxation."

It is noted that Code, § 47-13 provides for stipulations upon the ballots in such elections when the territory which is proposed to be annexed, or part of it, is already incorporated (*City of Columbia v. Sanders*, 231 S. C. 61, 97 S. E. (2d) 210) which can have no application here. Of course, only valid stipulations are within the contemplation of the statute.

The judgment of the lower court is reversed and the annexation proceedings are voided.

TAYLOR, OXNER, LEGGE and Moss, JJ., concur.