18002

John D. HOLLINGSWORTH, Ella B. Hollingsworth, R. M. Willis and Grace K. Willis and others similarly situate, Appellants, v. The CITY OF GREENVILLE, South Carolina, David G. Traxler, Mayor of the City of Greenville, James H. Simkins, John P. Mann, Dr. W. Thomas Brockman, Dr. Thomas Parker, Gus Smith and Mrs. Alden Simpson, City Aldermen, Respondents.

(128 S. E. (2d) 704)

*Sol. E. Abrams, Esq.,* of Greenville, *for Appellants,*

*Messrs. W. H. Arnold* and *Clifford F. Gaddy, Jr.,* of Greenville, *for Respondents,*

December 10, 1962.

LEGGE, Acting Justice.

Appellants, seeking to enjoin the inclusion of their land in territory annexed to the City of Greenville, appeal from an adverse circuit decree.

In August, 1961, there was filed with the City Council of Greenville, a petition signed by a majority of the free-holders of a large territory lying to the east and south of the city limits, praying that an election be ordered to see if such territory should be annexed to the city. On July 25, 1961, appellants, owners of a strip of land bisecting, from north to south, the territory so proposed to be annexed, wrote to the mayor advising that they did not wish their land annexed, did not wish to have the petition for annexation circulated in that area, and had instructed their counsel by legal action if necessary to have said area removed from consideration in either the petition for annexation or any election that might follow on the question of annexation; and they requested that their counsel be permitted to appear and present their position. Their request not having been acceded to, on September 15 they brought this action, seeking to enjoin the annexation of their land. On September 19 the election was held and resulted in favor of the annexation of the proposed territory.

The gist of appellants' complaint is that their property is largely unimproved farm land, without streets or roads; that

it has no need of municipal police or fire protection, there having been no crimes or fires in that area for many years; that it is lower in elevation that the rest of the territory sought to be annexed; that its annexation would not benefit either the city or them; and that its inclusion in the territory proposed to be annexed is therefore unreasonable and arbitrary.

The cause came on to be heard before the Honorable Edwin W. Johnson, Special Judge, who after having considered the evidence and viewed the area in question concluded that appellants had failed to sustain the burden of proving that the inclusion of their land was unreasonable or arbitrary; and by his decree of March 30, 1962, he denied the injunction and dismissed the complaint.

Our annexation statute, Code 1952, Title 47, Chapter 1, Article 2, requires:

1. That there be first submitted to the city or town council a petition by a majority of the freeholders of the territory proposed for annexation, accompanied by an adequate description of such territory, and praying that an election be ordered to see if it shall be included in the city or town;

2. That if the city or town council shall find that the petition has been signed by a majority of the freeholders within the territory proposed to be annexed, it shall certify that fact to the county commissioners of elections of the county in which the terriory is situated;

3. That thereupon the county commissioners of elections shall order an election to be held within the coroporate limits of the municipality and within the territory proposed to be annexed, such election to be held in both areas on the same date and after at least ten days' public notice;

4. That at such election registered qualified electors residing within the corporate limits of the municipality vote at the usual voting precincts thereof in boxes provided for that purpose, and registered qualified electors residing within the territory proposed to be annexed vote in a separate box

or boxes to be provided for that purpose within said territory and in a precinct or precincts to be designated therein by the county commissioners of elections;

5. That the votes cast within the corporate limits of the municipality and those cast within the territory proposed to be annexed shall be counted separately and the results declared separately and certified by the county commissioners of elections to the governing body of the municipality; and

6. That the city or town council shall publish the result of the election and shall declare the annexed territory a part of the city or town only if a majority of the votes cast by the qualified electors of the municipality and of the territory sought to be annexed, each aggregated separately, shall each be in favor of the annexation, or if neither gives a majority against the annexation.

Annexation of territory to a municipal corporation is ■ a legislative function, *Harrell v. City of Columbia,* 216 S. C. 346, 58 S. E. (2d) 91; and the courts will rarely interfere with it on the ground that it is unnecessary, unreasonable, or without benefit, *Bellamy v. Johnson,* 234 S. C. 172, 107 S. E. (2d) 33.

The territory here sought to be annexed extends eastward from Reedy River, part of the city boundary, to the east branch of Laurel Creek, a distance of about two miles, and northward from Highway I-85 to the Woodruff Road, a distance of about two miles. Just east of the center of this territory, and running through it from north to south, is Highway 276; and about one-half of a mile east of Highway 276, and roughly paralleling it, are the tracks of the C. & W. C. Railroad. Appellants' land lies between Highway 276 and the said railroad tracks; it is in the heart of, and as before stated bisects, the territory sought to be annexed. Without its inclusion in the annexation petition, the territory east of the railroad, much larger than appellants' land, would have been in an area not adjacent to the city and therefore ineligible for annexation.

The circuit degree correctly held that the city council was without power to delete appellants' property from the petition for annexation; and we find no merit in the contention that the absence of such power rendered the statute and the proceedings under it unreasonable and invalid and in effect deprived appellants of their rights without due process of law. Actually, no constitutional issue is before us, since none was raised by the pleadings or passed upon by the trial judge. But aside from this we think that the statutory provisions requiring that the annexation petition be signed by a majority of the freeholders within the territory proposed to be annexed and forbidding the annexation if a majority of the qualified electors voting in either the municipality or the said territory should vote against it, afford a reasonable and democratic means for the exercise of the legislative power. Cf. *Harrell v. City of Columbia, supra.*

Nor is the fact that appellants' land is largely undeveloped and rather thinly populated in comparison with the rest of the area sought to be annexed sufficient ground for invalidating the annexation. It is hardly to be expected, in the annexation of a large area, that all parts of it be similar in character. Cf. *Tovey v. City of Charleston,* 237 S. C. 475, 117 S. E. (2d) 872, where a portion of the annexed area was marsh land.

Careful review of the record reveals no such proof of unreasonableness or arbitrariness in the inclusion of appellants' land in the territory proposed for annexation as in our opinion would entitle appellants to injunctive relief.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.