## 20080

ELWOOD CONSTRUCTION CO., by Harold L. Elrod, its President and principal stockholders, as a duly qualified freeholder in the area in Goose Creek Parish sought to be annexed by the Town of Goose Creek and, in behalf of itself and all other duly qualified voters in said area in like plight, et al., Appellants, v. James M. RICHARDS, Mayor of the City of Goose Creek, et al., Respondents.

(217 S. E. (2d) 769)

*Messrs. Baker & Miller,* and *W. Turner Logan,* of Charleston, *for Appellants,* cite:

*Messrs. Sinkler, Gibbs, Simons & Guerard,* of Charleston, and *Daniel R. McLeod, Atty. Gen.,* of Columbia, *for Respondents,* cite:

*Messrs. Baker & Miller,* and *W. Turner Logan,* of Charleston, *for Appellants,* in Reply.

August 7, 1975.

LITTLEJOHN, Justice:

This action was brought by freeholders to invalidate the annexation of Boulder Bluff subdivision by the city of Goose Creek. The complaint alleges that the annexation brought about as a result of a vote taken on June 8, 1971, is invalid for several reasons. It is alleged, *inter alia,* that the city of Goose Creek comprises approximately one thousand four hundred (1400) acres, and that the proposed annexed area comprises approximately four hundred twenty (420) acres. It is further alleged that the area sought to be annexed comprises more than one-fourth of the area of the city and is therefore violative of § 47-19.17 of the Code for 1962.

Much of the evidence centers around the determination of the acreage within the city and the acreage within the proposed annexed area.

The matter was tried before the master in equity, who held the annexation valid. Upon appeal to the circuit judge, the recommendations of the master were confirmed. Coun-

sel for the plaintiffs have appealed to this Court, alleging error in three basic particulars:

1. The notice of the annexation election and referendum did not satisfy the mandate of Code Section 47-19.14;

2. The method used to determine the number of free-holders eligible to vote in the annexation referendum did not satisfy the mandate of Code Section 47-19.15;

3. The Boulder Bluff subdivision exceeds one-fourth of the area of Goose Creek in violation of Code Section 47-19.17.

Under the view we take it is necessary to consider only the third question set forth above. Section 47-19.17 reads as follows:

"When the procedure for annexation provided for in §§ 47-19.11 to 47-19.19 is followed the area of the territory proposed to be annexed shall at no time exceed one-fourth of the area of the municipality."

The lower court construed this statute to mean that the annexed area could not exceed one-fourth of the area of the city after annexation. The court further held that even if the one-fourth requirement applied to the city before annexation, no violation of the statute had been proved.

We are of the opinion that the lower court misconstrued the statute. Clearly, it was the intention of the legislature that no annexation be brought about which involved more than one-fourth of the acreage of the city as it existed prior to the proposed annexation vote.

Having construed the statute, we now proceed to determine whether the lower court erred in failing to find that the proposed annexed area exceeded one-fourth of the area of the city of Goose Creek prior to the attempted annexation.

Proceedings resulting in annexation are presumptively valid and the burden is upon the party attacking the extension of the corporate limits to show that there has not been a compliance with the law. This Court

has held on many occasions that a finding of fact by the master in equity, concurred in by the circuit judge, will not be disturbed by this Court unless without evidentiary support or against the clear preponderance of the evidence, or unless based on an error of law. In this case we have such findings by the master and judge.

The plaintiffs presented the testimony of W. L. Gaillard, a registered surveyor of Charleston with a background of 35 years experience in his profession. His testimony was corroborated in substantial degree by that of S. E. Felkel, a registered engineer and a registered land surveyor who had supervised surveys of several subdivisions in the Goose Creek area, including the Boulder Bluff subdivision. Gaillard testified with the aid of maps and plats of the two areas involved, stating that he reached his conclusions as to acreage with the use of a planimeter. A planimeter is an instrument used by a surveyor on a plat or map for the purpose of computing the area involved. The plats and maps were at first not admitted in evidence, but were later accepted in evidence by the master and taken into consideration along with the other evidence in filing his report. They were therefore properly considered by the circuit judge and are now properly before this Court.

Mr. Gaillard testified that he computed the area within the city of Goose Creek and found it to be 1333.33 acres. He computed the area within the proposed annexed territory and found it to be 430 acres. It will be observed that this is approximately one-third of the area within the city.

We are impressed by the apparent forthrightness of Mr. Gaillard's testimony. On cross-examination he admitted a possibility of a small margin of error in making computations, but the possible margins of error were not of such significance as to affect the result and bring about a compliance with the statute.

The master in equity disposed of the acreage issue by saying:

"I have refrained from making a finding of fact respecting the actual area or acreage within the original limits of the City or within the area annexed. A substantial part of the testimony relates to this one question. However, sifted down and analyzed, there is, in my opinion, insufficient probative evidence upon which to base an affirmative finding as to area or acreage. Some of the exhibits used were clearly not designed to show area or acreage with any degree of accuracy. On the whole, they lack that degree of accuracy or authenticity deemed necessary for such purpose. The methods used in estimating acreage were concededly subject to fluctuation and margins for error in several respects. I must conclude, as a matter of law, that Plaintiffs have failed to meet the burden of proof required, that is to say, to show that the area annexed exceeded the area allowed by statute."

The circuit judge, in confirming the master's report, said:

"A review of the testimony leads me to the conclusion that the Master very properly refused to make an affirmative finding of fact as to the areas involved. The testimony leaves open large margins for error and exhibits produced by the Plaintiffs are not of sufficient accuracy or authority or authenticity to form a basis for any such finding."

So far as the record before us shows, no attempt was made on the part of the city or the promoters of annexation to determine whether the area to be annexed was more, or less, than one-fourth of the area within the city. The first reference at which Mr. Gaillard testified was held on August 31, 1972. When the reference was concluded and the city presented its evidence on September 7, 1972, no evidence was introduced to contradict the Gaillard and Felkel testimony. Their testimony was undisputed and was not significantly weakened by cross-examination. We think that the conclusion of the master and of the lower court that the maps and plats involved were of such inaccuracy and lacking in authenticity as to be disregarded is not warranted by the record.

While it is true that the trier of the fact, in this case the master and the judge, should give weight to the evidence submitted and should believe that testimony which appeals to their sense of reasoning, and while it is true that the court does not always have to accept uncontradicted evidence as establishing the truth, the same should be accepted unless there is reason for disbelief. We have searched the record in this case and find nothing which justifies disregarding the testimony of Mr. Gaillard, the surveyor. He appears to be fully qualified and his method of computing area with the use of a planimeter is well known to be one commonly used by surveyors.

We conclude that the master erred, and the circuit judge concurred, in failing to find and spell out the acreage involved. The evidence clearly preponderates that the proposed annexed area involves more acreage than one-fourth of that acreage within the corporate limits of Goose Creek.

Inasmuch as the proposed annexation must be declared invalid because of a violation of § 47-19.17, we do not reach the other two questions enumerated hereinabove. Should another attempt at annexation develop, compliance with §§ 47-19.14 and 47-19.15 should, of course, be observed.

Reversed.

Moss, C. J., and LEWIS and NESS, JJ., concur.

BUSSEY, J., dissents.

BUSSEY, Justice (dissenting):

I most respectfully dissent. There is, in my view, an absence of any clear preponderance of evidence which would warrant this Court in reversing the concurrent findings of the master and circuit judge. The record abundantly supports their concurrent findings that there was insufficient probative evidence on which to base any specific findings of fact as to the acreage involved in the respective areas.

There is no doubt about the competence of Mr. Gaillard, and I question none of his testimony, but when considered

in its entirety, it leaves the acreage involved in each of the areas in a realm of great doubt. Mr. Gaillard's computations were arrived at by using a planimeter on various sections of various maps and plats furnished him by counsel for appellants. He did not survey any part of the area and no complete plat or map of either area was furnished him. In some instances he had to project or extend lines from one plat to another. Some of the plats furnished him were mechanical reproductions leaving doubt as to the accuracy of the scale thereof. No plat furnished Mr. Gaillard indicated that such was based upon a survey made for the purpose of determining the acreage involved.

Mr. Gaillard specifically declined to vouch for the authenticity or accuracy of any of the maps furnished to him, and, even assuming the accuracy and authenticity of the plats, he frankly testified there was room for a substantial margin of error in his calculation of the areas involved with the use of the planimeter. Quite significantly he testified, *inter alia,* that he did not recall whether or not he had included or excluded streets and highways in calculating the areas. Some of the plats were admittedly compilations of other plats. Not one of the plats was authenticated by any witness as having been made from an actual survey upon the ground of any of the areas involved.

Two or three of the plats were made by the witness Felkel, but admittedly his plats were compilations and not based on any actual survey by him. Sources for the compilation of these plats, and the subsequent acreage calculations, included such things as aerial photos and a large scale map made of numerous subdivisions for use in laying out electric power lines. The respondents objected to the introduction of most of the plats for lack of proof of authenticity. Their admissibility was not ruled upon by the master, nor by the circuit judge, but both obviously concurred that even if admissible, they were of insufficient probative value to form a basis for findings of fact as to the actual acreage involved in the respective areas. In my opinion most of the

plats was inadmissible, but I fully agree with the concurrent finding that if admissible they were not of sufficient probative value to form a basis of a finding of fact as to the actual acreage involved in either area.

Waiving all questions of admissibility, the evidence, at the most, is susceptible of the inference that possibly, if not probably, the annexed area exceeded one-fourth of the area of the existing municipality, but if so, no one could tell with any certainty exactly how much. The evidence is likewise clearly susceptible of the inference that if there be any excess it is very slight. Since the master and the lower court correctly concluded that there was a failure of proof in this respect there is no need for us to construe code section 47-19.17. But if we are to reach such, for the purpose of this dissent, I will concede that Mr. Justice Littlejohn's construction of this code section is correct; but even so, such would be of no comfort to the appellants in this case.

This particular code section appears to be an entirely unique one unknown to any other jurisdiction. Its origin is a 1963 Act of the General Assembly, 53 Statute 264, approved the 24th day of May, 1963. On December 10, 1962 there had been filed in this Court the opinion in *Hollingsworth v. City of Greenville,* 241 S. C. 378, 128 S. E. (2d) 704. Therein it was held, *inter alia,* that the fact that a tract of land, included within a municipal annexation, was largely undeveloped and rather thinly populated when compared with the rest of the area sought to be annexed would not be ground for invalidating the annexation. The Court reiterated the proposition that the courts would rarely interfere with annexation on the ground that it was unnecessary, unreasonable or without benefit to included lands. It would appear possible, if not probable, that the code section here involved was generated by the decision in the *Hollingsworth* case, but in any event it would appear obvious that the primary purpose of the statute was to prevent municipalities from annexing unreasonably large areas of land which could

not be reasonably expected to be the recipient of any municipal benefit.

In accordance with the general rule the code section now involved has to be construed and applied in the light of the obvious intent and purpose of the General Assembly enacting the same. Even if it be conceded that appellants' evidence was sufficient to prove some slight excess of the statutory limitation, they still should not prevail. There is no allegation in the complaint that they or any one else is the owner of any undeveloped land which would be without any benefit from the annexation and hence no showing that the true purpose and intent of this statutory provision has been transgressed. The evidence shows that the annexed area is in fact a residential subdivision, much of which has already been developed.

The record reflects that both the freeholders and the registered electors in the annexed area favored annexation by a vote of approximately 2—1. The will of such a substantial majority should not be defeated by a showing of a minor violation of the area requirement, if there be one, which would not transgress the intent or purpose of the statute or work injury to any one.