21991

Roger JOHNSON, Respondent, v. Floyd G. PAINTER, Sr., Appellant.
(307 S. E. (2d) 860)

*James R. Mann*, Greenville, *for appellant.*

*Michael E. Spears,* Spartanburg, *for respondent.*

Oct. 3, 1983.

GREGORY, Justice.

Floyd G. Painter, Sr., appeals from a jury verdict awarding respondent Roger Johnson the sum of $1,550.00 actual damages and $8,450.00 punitive damages on his cause of action for abuse of process. The punitive damages award was reduced to $3,450.00 on a motion for a new trial *nisi.* We reverse.

Appellant advances two grounds for reversal: (1) insufficiency of the evidence; and (2) prejudicial and improper argument to the jury by respondent's counsel. The alleged improper argument was not objected to during the trial and any objection to the argument is deemed waived. The sole remaining issue involves the sufficiency of the evidence to sustain the finding of the jury that there was an abuse of process.

We held in *Huggins v. Winn-Dixie Greenville, Inc.,* 249 S. C. 206, 153 S. E. (2d) 693 (1967), that the tort of abuse of process, as distinguished from that of malicious prosecution, involves the malicious misuse or perversion of the process, after its issuance, for an end not lawfully warranted by it. The essential elements of abuse of process are: (1) an ulterior purpose; and (2) a wilful act in the use of the process not proper in the regular conduct of the proceeding.

This action arose from a fight between the parties which resulted in physical injuries to appellant. Appellant thereafter procured the issuance of a criminal warrant against respondent for simple assault and battery, which was later upgraded to assault and battery of a high and aggravated nature. The trial of the criminal charges resulted in respondent's acquittal. He then brought this action.

Respondent's cause of action rested upon testimony to the effect that appellant, after institution of criminal charges, sought monetary gain, offering to drop the charges upon payment of $2,500.00.

The uncontradicted testimony at trial was that respondent's attorney, who was counsel for Mr. Johnson in both the criminal and this proceeding, telephoned appellant while the

criminal charge was pending. Appellant testified he agreed to drop the charges, if the solicitor also agreed, upon payment of $2,500.00 restitution for lost time and medical and hospital expenses.

Additionally, appellant candidly admitted that if respondent had been found guilty at the criminal trial, appellant would have requested the court for restitution from respondent.

The court does not always have to accept uncontradicted evidence as establishing the truth; however, it should be accepted unless there is reason for disbelief. *Elwood Construction Co. v. Richards,* 265 S. C. 228, 217 S. E. (2d) 769 (1975).

A search of the record shows the only reasonable inference that can be drawn from the evidence is that respondent's counsel telephoned appellant and got him to agree to drop the criminal charge against respondent if appellant were reimbursed for his lost time, medical and hospital expenses, and if the solicitor agreed. Appellant and respondent were across-the-street neighbors who had had no prior difficulties. We have always looked with favor upon restitution and reconciliation. We see nothing wrong with the attorney calling or appellant telling him the amount of his out-of-pocket expenses.

We find the verdict for abuse of process is without evidentiary support; thus, the trial judge erred in not granting appellant's motion for a directed verdict. Accordingly, we reverse.

Reversed.

LITTLEJOHN and HARWELL, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

I dissent.

This appeal is from a jury verdict awarding defendant-respondent the sum of $1,550.00 actual damages and $8,450.00 punitive damages against defendant-appellant on a cause of action for abuse of process. The punitive damage award was

subsequently reduced to $3,450.00 on a motion for a new trial *nisi.*

Appellant advances two grounds for reversal: (1) insufficiency of the evidence; and (2) prejudicial and improper argument to the jury by respondent's counsel. The alleged improper argument was not objected to during the trial and any objection to the argument is deemed waived. The sole remaining issue involves the sufficiency of the evidence to sustain the finding of the jury that there was an abuse of process.

We held in *Huggins v. Winn-Dixie Greenville, Inc.*, 249 S. C. 206, 153 S. E. (2d) 693, that the tort of abuse of process, as distinguished from that of malicious prosecution, involves the malicious misuse or perversion of the process, after its issuance, for an end not lawfully warranted by it. The essential elements of abuse of process are: first, an ulterior purpose and, second, a wilful act in the use of the process not proper in the regular conduct of the proceeding.

This action arose out of an altercation and fight between the parties who were neighbors. The encounter resulted in physical injuries to appellant. Thereafter, appellant procured the issuance of a criminal warrant against respondent for simple assault and battery, which was later upgraded to assault and battery of a high and aggravated nature. The trial of the criminal charges resulted in the acquittal of respondent. He then brought this action.

Respondent's cause of action rested upon testimony to the effect that appellant had, after institution of criminal charges, sought monetary gain, specifically offering to drop charges on payment to him of $2,500. Appellant admitted that he offered to drop the criminal charges if he was paid the foregoing sum; and, when asked if he intended to get some money out of the prosecution, replied: "Yes, sir, I intend to ask the Court for restitution for my loss of time and medical bills."

Appellant first preferred charges against respondent for simple assault and battery. He then entered the hospital on a prearranged schedule for an unrelated injury and was treated at the same time for injuries allegedly received in the fight with respondent. Several days after leaving the hospital, appellant procured another warrant charging respondent

with the more serious offense of assault and battery of a high and aggravated nature. While there are other interpretations which may be placed upon the action of appellant in upgrading the charges against respondent, it is also reasonably inferable that the more serious charges would afford appellant more leverage in obtaining payment from respondent and that the second warrant was procured for such purpose.

There is evidence to support the inference that appellant sought to wrongfully use the criminal process to coerce respondent into paying his damages, allegedly suffered in the physical encounter. Such would support the finding of malicious use of process for an end not proper in the regular conduct of the proceeding.

It is argued, however, that appellant's attempt to secure a payment of money in exchanges for dropping the criminal charges against respondent did not amount to abuse of process because the attorney for respondent allegedly initiated the discussion of settlement and appellant's offer was in response to respondent's inquiry thereabout.

Certainly respondent should not be allowed to take advantage of appellant's offer of settlement if respondent's attorney, in fact, initiated settlement negotiations thereby trapping appellant into making the settlement offer.

Appellant testified that respondent's attorney called him over the telephone and inquired as to whether he would agree to settle the criminal charges. He further stated that in response, he agreed to settle the criminal charges for payment to him of $2,500, if the Solicitor agreed. Counsel for respondent did not testify and appellant's testimony was uncontradicted.

The question then is whether the uncontradicted testimony of appellant, that counsel for respondent instigated settlement negotiations, must be accepted as true.

In *Green v. Greenville County,* 176 S. C. 433, 439, 180 S. E. 471, 473, the following applicable principle was cited with approval from 26 R.C.L. page 1069:

> ... The fact that evidence is not contradicted by direct evidence does not render it undisputed, as there still remains the question of its inherent probability and the credibility of the witness or his interest in the result. To

justify a Court in instructing a jury that a witness has told the truth, and in directing a verdict based on the truthfulness of his evidence, there must be nothing in the circumstances or surroundings tending to impeach the witness or to throw discredit on his statements. If there is anything tending to create distrust in his truthfulness, the question must be left to the jury.

The foregoing principle was later cited with approval in *Terwilliger v. Marion,* 222 S. C. 185, 72 S. E. (2d) 165. Later, in *Elwood Construction Co. v. Richards,* 265 S. C. 228, 234, 217 S. E. (2d) 769, we cautioned: ", . . . and while it is true that the court does not always have to accept uncontradicted evidence as establishing the truth, the same should be accepted unless there is reason for disbelief."

In *Green, supra,* the issue concerned the weight to be accorded the uncontradicted testimony of the plaintiff. In holding that the credibility of the uncontradicted testimony of plaintiff was an issue for the jury to determine, the court stated: "It was peculiarly the province of the jury under the facts of this case to pass upon the credibility of the statements testified to by the plaintiff, who was an interested witness, and directly affected by the result of the trial." See also, *Jones v. Atlanta-Charlotte Air Line R. Co.,* 218 S. C. 537, 63 S. E. (2d) 476.

Here we are dealing with the uncontradicted testimony of the defendant, a party, who had a vital interest in the outcome of the action. Evidence that respondent initiated discussions of settlement of the criminal charges was not given by appellant in the trial of the criminal case against respondent. The failure of appellant to give this damaging testimony in the prior criminal trial could be considered by the trier of the facts in this case in assessing the truth of appellant's testimony that respondent's counsel initiated the settlement discussion. Its weight could have been lessened by the failure to sooner disclose it.

Therefore, under the facts of this case, the trial judge was not required to accept the testimony of defendant and properly submitted its weight and credibility to the jury.

The judgment should be affirmed.