## 1715

Rita BLACK, Appellant v. Steven R. HODGE, Respondent. B.L. BLACK, Appellant v. Steven R. HODGE, Respondent.

(410 S.E. (2d) 595)

Court of Appeals

*Joseph F. Runey*, and *J. Lawrence Duffy*, Charleston, *for appellants.*

*Andrew S. Halio*, Charleston, *for respondent.*

Heard Oct. 9, 1991; Decided Oct. 20, 1991.

Rehearing Denied Nov. 14, 1991.

SANDERS, Chief Judge:

Appellant Rita Black and her husband, appellant B.L. Black, sued respondent Steven R. Hodge in separate actions, alleging that Mrs. Black had been severely injured when the Cadillac she was driving was struck from the rear by the pickup truck being driven by Mr. Hodge. Mrs. Black seeks to recover damages as the result of her alleged injuries. Dr. Black seeks to recover for loss of consortium. The cases were consolidated for trial. The jury returned a verdict for Mr. Hodge. We affirm.

The collision between the two vehicles was, by all accounts, slight.

An eyewitness to the collision said Mr. Hodge was probably driving less than five miles per hour. The witness characterized what happened between Mr. Hodge's pickup truck and Mrs. Black's Cadillac as "they just like tapped." The witness said she saw no damage to the Cadillac.

Another witness, Mr. Hodge's father, who came on the scene after the collision, testified that there was mud and dirt all over the front of the pickup, and that the collision "didn't knock the dirt off." He further testified a police officer on the scene said, "You all go on and go. There's not even an accident."

Mrs. Black testified that she was, in fact, severely injured as a result of the collision. She presented the testimony of a number of doctors, and she introduced in evidence bills for her treatment totaling about $14,000. Included among her bills was the bill of her husband, Dr. Black, a chiropractor. No witness directly contradicted her testimony of that of the doctors she called to testify on her behalf.

Mrs. Black makes several arguments on appeal, but the essential issue is whether the jury was required to accept her uncontradicted testimony that she was injured. Stated in the larger sense, the question is simply this: must a trier of fact always believe uncontradicted testimony? The answer to the question is, plainly, no.

The fact that testimony is not contradicted directly does not render it undisputed. *Terwilliger v. Marion*, 222 S.C. 185, 72 S.E. (2d) 165 (1952). There remains the question of the inherent probability of the testimony and the credibility of the witness or the interests of the witness in the result of the litigation. *Id.* "If there is anything tending to create distrust in his [or her] truthfulness, the question must be left to the jury." *Id.* at 188, 72 S.E. (2d) at 166.

The fact that the collision between the two vehicles was slight, to say the least, together with the fact that Mrs. Black has an obvious interest in the outcome of the case, is sufficient to cast doubt on the testimony that she was injured. Under the circumstances, the jury had the right to find that she was not injured, and we do not have the right to second-guess the jury. *See Hobgood v. Pennington*, 300 S.C. 309, 313, 387 S.E. (2d) 690, 692 (Ct. App. 1989) ("If there is any evidence to sustain the factual findings implicit in the jury's verdict, this court must affirm.").

Affirmed.

GARDNER and GOOLSBY, JJ., concur.