**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Linda Beth Weddle, Respondent,

v.

Charleston County Sheriff's Office, Appellant.

Appellate Case No. 2016-002526

―――――――――

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2019-UP-288
Submitted May 8, 2019 – Filed August 7, 2019

―――――――――

**AFFIRMED**

―――――――――

Elloree A. Ganes, of Hood Law Firm, LLC, and Benjamin Houston Joyce, of Burr & Forman, LLP, both of Charleston; and Deborah Harrison Sheffield, of Columbia, for Appellant.

Daniel Carson Boles, of Boles Law Firm, LLC, of Charleston, for Respondent.

―――――――――

**PER CURIAM:** The Charleston County Sheriff's Office (Sheriff's Office) appeals a jury verdict in favor of Linda Beth Weddle on her cause of action for gross negligence. We affirm.

1.  We disagree with the Sheriff's Office's argument the trial court erred in denying its motions for a directed verdict as we find the evidence supports the jury's determination of gross negligence.  *See Sabb v. S.C. State Univ.*, 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002) ("In ruling on directed verdict or [Judgement notwithstanding the verdict (JNOV)] motions, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions." (citing *Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999))); *id.* ("The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt."); *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 332, 732 S.E.2d 166, 171 (2012) ("In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence." (citing *Welch v. Epstein*, 342 S.C. 279, 300, 536 S.E.2d 408, 419 (Ct. App. 2000))); S.C. Code Ann. § 15-78-60(25) (2005) (limiting the governmental entity's liability arising from the "responsibility or duty . . . [of] supervision, protection, control, confinement, or custody of any . . . prisoner [or] inmate . . . [to instances] when the responsibility or duty is exercised in a grossly negligent manner"); *Staubes v. City of Folly Beach*, 339 S.C. 406, 416, 529 S.E.2d 543, 548 (2000) ("The burden of establishing a limitation upon liability under the Tort Claims Act is upon the governmental entity asserting it as an affirmative defense." (citing *Strange v. S.C. Dep't of Highways & Pub. Transp.*, 314 S.C. 427, 430, 445 S.E.2d 439, 440 (1994))); *Etheredge v. Richland Sch. Dist. One*, 341 S.C. 307, 310, 534 S.E.2d 275, 277 (2000) ("Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." (citing *Clyburn v. Sumter Cty. Dist. Seventeen*, 317 S.C. 50, 53, 451 S.E.2d 885, 887 (1994); *Richardson v. Hambright*, 296 S.C. 504, 506, 374 S.E.2d 296, 298 (1988))); *id.* ("It is the failure to exercise slight care." (citing *Clyburn*, 317 S.C. at 53, 451 S.E.2d at 887)); *id.* ("Gross negligence has also been defined as a relative term, and means the absence of care that is necessary under the circumstances." (citing *Hollins v. Richland Cty. Sch. Dist. One*, 310 S.C. 486, 490, 427 S.E.2d 654, 656 (1993))); *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 332, 566 S.E.2d 536, 545 (2002) ("In most cases, gross negligence is a factually controlled concept whose determination best rests with the jury."); *Black v. Hodge*, 306 S.C. 196, 198, 410 S.E.2d 595, 596 (Ct. App. 1991) ("The fact that testimony is not contradicted directly does not render it undisputed." (citing *Terwilliger v. Marion*, 222 S.C. 185, 188, 72 S.E.2d 165, 166 (1952))); *id.* ("There remains the question of the inherent probability of the testimony and the credibility of the witness or the interests of the witness in the result of the litigation."); *id.* ("If there is anything tending to create distrust in his [or her] truthfulness, the question must

be left to the jury." (alteration in original) (quoting *Terwilliger*, 222 S.C. at 188, 72 S.E.2d at 166)).

2. We disagree with the Sheriff's Office's arguments the trial court erred in allowing evidence of $52,192.72 in medical expenses and in denying its motions for directed verdict and JNOV. While the record does not contain medical expert testimony, Weddle "otherwise" presented evidence linking her injury and damages to the Sheriff's Office's actions. *See Vinson v. Hartley*, 324 S.C. 389, 400, 477 S.E.2d 715, 721 (Ct. App. 1996) ("Negligence is not actionable unless it is a proximate cause of the injury." (citing *Hanselmann v. McCardle*, 275 S.C. 46, 48-49, 267 S.E.2d 531, 533 (1980))); *id.* at 401, 477 S.E.2d at 721 ("A negligent act or omission is a proximate cause of injury if, in a natural and continuous sequence of events, it produces the injury, and without it, the injury would not have occurred." (citing *Crolley v. Hutchins*, 300 S.C. 355, 357, 387 S.E.2d 716, 717 (Ct. App. 1989))); *Hurd v. Williamsburg Cty.*, 353 S.C. 596, 613, 579 S.E.2d 136, 145 (Ct. App. 2003) ("Ordinarily, the question of proximate cause is one of fact for the jury and the trial judge's sole function regarding the issue is to inquire whether particular conclusions are the only reasonable inferences that can be drawn from the evidence." (quoting *McNair v. Rainsford*, 330 S.C. 332, 349, 499 S.E.2d 488, 497 (Ct. App. 1998))); *Pederson v. Gould*, 288 S.C. 141, 142, 341 S.E.2d 633, 634 (1986) ("Expert testimony is not required . . . in situations where the common knowledge or experience of laymen is extensive enough for them to be able . . . to determine the presence of the required causal link between the [defendant's] actions and the [plaintiff's] medical problems." (citing *King v. Williams*, 276 S.C. 478, 483, 279 S.E.2d 618, 620 (1981))); *Carlyle v. Tuomey Hosp.*, 305 S.C. 187, 193, 407 S.E.2d 630, 633 (1991) ("Medical bills not clearly identified by medical testimony, *or otherwise*, as being connected with the tortious act which resulted in injuries under litigation are generally held inadmissible, *especially where there is evidence that plaintiff was treated for a condition unrelated to the injuries sustained in the accident*." (emphasis added) (quoting 22 Am. Jur. 2d *Damages* § 933 (1988))); *id.* (concluding lack of apportionment in medical bill between treatment for injury caused by defendant and unrelated ailment "allowed the jury to arrive at a verdict through surmise, conjecture, or speculation").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.