**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Charvix Lavoy Wright, Appellant.

Appellate Case No. 2021-001537

---

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-001
Submitted November 1, 2023 – Filed January 3, 2024

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Charvix Lavoy Wright appeals his convictions for voluntary manslaughter and possession of a weapon during the commission of a violent crime and aggregate sentence of thirty years' imprisonment. On appeal, Wright

argues (1) the trial court abused its discretion by denying his request for immunity under the Protection of Persons and Property Act (the Act) when it failed to properly act as a fact-finder on the request, and (2) alternatively, the trial court abused its discretion by failing to find Wright immune from prosecution under the Act because he proved by a preponderance of the evidence he acted in self-defense. We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Wright's argument the trial court failed to properly act as a fact-finder on his self-defense claim is not preserved for appellate review because his objection was not sufficiently specific as to bring the trial court's attention to the nature of the exact error.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("[An] objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error.").

2.  We hold the trial court did not abuse its discretion when it found Wright failed to establish he was entitled to immunity under the Act.  *See State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *State v. Glenn*, 429 S.C. 108, 116, 838 S.E.2d 491, 495 (2019) ("A trial court abuses its discretion when its ruling is based on an error of law, or when grounded in factual conclusions, is without evidentiary support.").  For Wright to be granted immunity from prosecution, he was required to prove, by a preponderance of the evidence, all the elements of self-defense except the duty to retreat.  *See State v. Jones*, 416 S.C. 283, 301, 786 S.E.2d 132, 141 (2016) (stating if section 16-11-440(C) of the South Carolina Code (2015) is applicable, "the defendant must demonstrate the elements of self-defense, save the duty to retreat, by a preponderance of the evidence").  To establish self-defense, four elements must be present:

> First, the defendant must be without fault in bringing on the difficulty.  Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger.  Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have

entertained the same belief.  If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life.  Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.

*State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984).  As to whether Wright was in imminent danger of losing his life or sustaining serious bodily injury—or reasonably feared that he was—Wright presented evidence the gun was fired in close proximity to Victim due to stippling around the wound; the autopsy report indicating the gun was fired at an upward angle, which Wright argues supports his claim he fired the gun to defend himself from Victim lunging at him with a knife; and his own testimony relaying his version of events.  However, the trial court found Wright's testimony was not credible based on its inconsistencies with the evidence presented by the State; namely, Wright testified he hugged and kissed Victim—who had a significant amount of blood on her body—after she was shot, but Wright had no blood on him, and while Wright claimed Victim was armed with a knife, its location at the crime scene and the absence of blood on it appeared inconsistent with its alleged use by Victim.  *See State v. Johnson*, 413 S.C. 458, 467, 776 S.E.2d 367, 371 (2015) ("Credibility findings are treated as factual findings, and therefore, the appellate inquiry is limited to reviewing whether the trial court's factual findings are supported by any evidence in the record."); *Black v. Hodge*, 306 S.C. 196, 198, 410 S.E.2d 595, 596 (Ct. App. 1991) ("The fact that testimony is not contradicted directly does not render it undisputed.").  As to whether Wright was without fault in bringing upon the difficulty, Wright testified Victim grabbed a knife after he pushed an AC unit in through the window onto the floor, at which point he armed himself with a gun and threatened to be unfaithful to Victim.  Thus, because the trial court's finding that Wright failed to prove self-defense by a preponderance of the evidence is supported by evidence in the record, we find the trial court did not abuse its discretion in denying Wright's motion for immunity under the Act.

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**