**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elizabeth A. Farmer, Respondent,

v.

James Timothy Short, Appellant.

Appellate Case No. 2022-001041

Appeal From Kershaw County
Jeffrey M. Tzerman, Master-in-Equity

Unpublished Opinion No. 2024-UP-199
Submitted May 1, 2024 – Filed May 29, 2024

**AFFIRMED**

Michael Dennis Wright, of Savage Royall & Sheheen, of Camden, for Appellant.

John W. Wells, of Baxley, Wells & Benson, of Lugoff, for Respondent.

**PER CURIAM:**  James Timothy Short appeals the master-in-equity's partition in kind of the subject property, which he owned with his daughter, Elizabeth A. Farmer, as joint tenants with right of survivorship.  On appeal, Short argues the master erred in denying that he was ousted from the property and failing to grant

him damages for the value of Farmer's exclusive use and occupation of the property.  We affirm pursuant to Rule 220(b), SCACR.

We hold the master properly found that Short failed to put forth sufficient evidence to prove his claim of ouster.  *See Anderson v. Anderson*, 299 S.C. 110, 113, 382 S.E.2d 897, 899 (1989) ("A partition action is an equitable action, heard by a judge alone and, as such, this [c]ourt on review may find facts in accordance with its view of the preponderance of the evidence."); *Laughon v. O'Braitis*, 360 S.C. 520, 524-25, 602 S.E.2d 108, 110 (Ct. App. 2004) ("However, this broad scope of review does not require this court to disregard the findings at trial or ignore the fact that the trial judge was in a better position to assess the credibility of the witnesses."); *Allen v. Hall*, 12 S.C.L. (1 McCord) 131 (1821) ("The possession of one tenant in common is the possession of both; and although the unity of possession may be destroyed by an actual ouster, that ouster must be either positively proved, or such circumstances must be proved as would support the presumption of an ouster."); *Black v. Hodge*, 306 S.C. 196, 198, 410 S.E.2d 595, 596 (Ct. App. 1991) ("The fact that testimony is not contradicted directly does not render it undisputed."); *Freeman v. Freeman*, 323 S.C. 95, 99, 473 S.E.2d 467, 470 (Ct. App. 1996) ("'Ouster' is the actual turning out or keeping excluded a party entitled to possession of any real property."); *Woods v. Bivens*, 292 S.C. 76, 80, 354 S.E.2d 909, 912 (1987) ("By actual ouster is not meant a physical eviction, but a possession attended with such circumstances as to evince a claim of exclusive right and title and a denial of the right of the other tenants to participate in the profits." (quoting *Brevard v. Fortune*, 221 S.C. 117, 133, 69 S.E.2d 355, 362 (1952))); *Freeman*, 323 S.C. at 99, 473 S.E.2d at 470 ("The acts relied upon to establish an ouster must be of an unequivocal nature, and so distinctly hostile to the rights of the other cotenants that the intention to disseize is clear and unmistakable."); *id.* ("Only in rare, extreme cases will the ouster by one cotenant of other cotenants be implied from exclusive possession and dealings with the property, such as collection of rents and improvement of the property."); *Watson v. Little*, 224 S.C. 359, 364-65, 79 S.E.2d 384, 387 (1953) ("Ouster is presumed from possession only if it is continued for a period of twenty years.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.