**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deloris Campbell, Appellant,

v.

Cole B. Collins, Respondent.

Appellate Case No. 2023-000707

———————

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-080
Submitted February 1, 2025 – Filed March 12, 2025

———————

**AFFIRMED**

———————

Johnny F. Driggers, of Johnny F. Driggers, Esq., of Goose Creek; and Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, both for Appellant.

Penn Wickenberg Ely, of Clawson & Staubes, LLC, of Daniel Island; and Timothy Alan Domin, of Charleston, both for Respondent.

———————

**PER CURIAM:** Deloris Campbell appeals the trial court's order denying her motion for a new trial following the jury's defense verdict. On appeal, Campbell argues the verdict was the result of improper considerations, thus the trial court

erred in denying her motion for a new trial absolute. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion when it denied Campbell's motion for a new trial absolute because the totality of the evidence supported the jury's defense verdict, due to substantial questions regarding credibility at trial. *See Wright v. Craft*, 372 S.C. 1, 36, 640 S.E.2d 486, 505 (Ct. App. 2006*)* ("[T]he decision to grant a new trial is left to the sound discretion of the trial court and generally will not be disturbed on appeal."); *id.* ("An abuse of discretion occurs when the trial court's findings are wholly unsupported by the evidence or the conclusions reached are controlled by an error of law."); *Vinson v. Hartley*, 324 S.C. 389, 404, 477 S.E.2d 715, 723 (Ct. App. 1996) ("The trial judge must grant a new trial absolute if the amount of the verdict is grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives."). The record reflects Campbell's testimony about what happened during the accident was inconsistent, and by her own admission, she had trouble with her memory. Although Campbell's and her doctors' testimonies show the car accident contributed to her injuries, it was reasonable for the jury to doubt the testimonies regarding causation because she failed to inform her doctors of her prior foot and back pain. *See Wright*, 372 S.C. at 36, 640 S.E.2d at 505 ("In deciding whether to assess error when a new trial motion is denied, this [c]ourt must consider the testimony and reasonable inferences therefrom in the light most favorable to the nonmoving party." (quoting *Welch v. Epstein*, 342 S.C. 279, 302-03, 536 S.E.2d 279, 420 (Ct. App. 2000))); *Black v. Hodge*, 306 S.C. 196, 198, 410 S.E.2d 595, 596 (Ct. App. 1991) (finding the jury did not have to believe uncontradicted testimony and that witness credibility remained a question for the jury); *Vinson*, 324 S.C. at 410, 477 S.E.2d at 726 (finding that because certain inconsistencies arose during the defendant's and doctor's testimonies that compromised their credibility, the jury could have determined the defendant's medical bills were not the result of the accident).[1]

---

[1] Although Campbell contends Collins, through his counsel's statements in opening arguments, admitted to proximately causing at least some of her injuries, and thus that concession supports her motion for a new trial absolute, we hold this issue is not preserved for appellate review because Campbell never argued to the trial court that Collins conceded the issue of proximate cause in his opening statement; rather, she raised it for the first time on appeal. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (holding there is a "long-established preservation requirement that the losing party generally must

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.