1431

Stroman W. JACKSON, Jr., as Administrator of the Estate of Stroman W. Jackson, Sr., deceased, Appellant v. The SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Respondent.

(390 S. E. (2d) 467)

Court of Appeals

*Thomas K. Fowler, Jr.,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr.,* and *George C. Beighley,* Columbia, *for respondent.*

Heard Nov. 15, 1989.

Decided Dec. 11, 1989.

*Per Curiam:*

This is an action for wrongful death and survival under the South Carolina Tort Caims Act.[1] The administrator of the estate of Stroman W. Jackson brought suit against the South Carolina Department of Corrections after Jackson, an inmate, was killed by another inmate while incarcerated at Kirkland Correctional Institution. The jury found for Jackson on both causes of action. The Department moved for a judgment notwithstanding the verdict, which the trial court granted. Jackson appeals. We reverse and remand.

Jackson, an 88 year old inmate, was stabbed and killed by Wilson Atkinson, also an inmate, while the two were incarcerated at Kirkland. Atkinson, who has been diagnosed as schizophrenic and sociopathic, has a long history of violent behavior. This history includes attacks on inmates and correctional officers and the killing of another inmate. Prior to Atkinson's transfer to the general population at Kirkland in October, 1984, he had been incarcerated in the maximum security facility at the Central Correctional Institution (C. C. I.). On November 5, 1984, Atkinson killed Jackson.

Section 15-78-60(25) of the Tort Claims Act states:

> The governmental entity is not liable for a loss resulting from responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any . . ., inmate, . . ., except when the responsibility or duty is exercised in a grossly negligent manner.

Therefore if the Department was grossly negligent in its duty to control, confine, or maintain custody of Atkinson and this negligence proximately caused Jackson's death, its immunity from liability under the Act is waived.

A defendant is guilty of gross negligence if he is so indifferent to the consequences of his conduct as not to give slight care to what he is doing. *Anderson v. Ballenger*, 166 S. C. 44, 164 S. E. 313 (1932). Gross negligence

---

[1] Section 15-78-10 *et seq.*, Code of Laws of South Carolina, 1976, as amended.

involves a conscious failure to exercise due care. *Id.*

In deciding a motion for judgment notwithstanding the verdict, the evidence and all reasonable inferences which are to be drawn from it must be viewed in the light most favorable to the party opposing the motion. *Melton v. Williams*, 281 S. C. 182, 314 S. E. (2d) 612 (Ct. App. 1984). If there is any evidence which could support the jury's finding of gross negligence against the Department, then the motion for judgment notwithstanding the verdict should have been denied.

The following evidence regarding Atkinson was presented to the jury. In October of 1978, Atkinson was described by a Department psychological evaluation as having strong psychopathic patterns, being unpredictable, and being prone to violent outbursts. The evaluation recommended against placement at Kirkland. In February of 1979, Departmental records indicated that the Maximum Security Center at C. C. I. was the only placment for Atkinson. On August 5, 1983, the Department declared Atkinson a threat to the normal and safe operation of C. C. I. He was, in fact, placed in the Maximum Security Center in August of 1983 and was not released until after June 5, 1984. Atkinson had thirteen disciplinary violations at C. C. I. in a ten year period, one of which involved killing another inmate. He had been in possession of weapons which he used to rob other inmates. The Department knew all of these facts when it transferred Atkinson to Kirkland. Atkinson was transferred in a routine manner less than two months after his release from the Maximum Security Center at C. C. I.

Considering this evidence in the light most favorable to Jackson, the jury reasonably could have determined that Atkinson's transfer exhibited a conscious indifference to the threat he posed to the safety of other inmates at Kirkland. As such, the jury could have seen the transfer as a failure to exercise even slight care under the circumstances.

The Department argues that even if Atkinson's transfer was an act of gross negligence, it is still immune from liability under Section 15-78-60(5). That section provides for immunity from liability for losses resulting

from "... the exercise of discretion or judgment by the governmental entity or employee...."

While Atkinson's transfer was admittedly an act requiring the discretion and judgment of the Department, Section 15-78-60(25) provides an exception to immunity where the governmental entity exercises its responsibility or duty in a grossly negligent manner. Section 15-78-60(5) must be read in light of this exception. If discretion is exercised in a grossly negligent manner, the exception to the normal rule of immunity applies.

Accordingly, we reverse the ruling of the trial court and remand for entry of judgment on the jury verdict.

Reversed and remanded.

