24170

Fernaudra CLYBURN, Petitioner v.
SUMTER COUNTY SCHOOL DISTRICT #17, Respondent.
(451 S.E. (2d) 885)

Supreme Court

*W. Jeffrey Young,* of *Young, Young & Reiter,* Sumter, *for petitioner.*

*Bruce E. Davis,* Camden, *for respondent.*

Heard Sept. 20, 1994.

Decided Dec. 12, 1994.

TOAL, Justice:

We granted certiorari to review the opinion of the Court of Appeals in *Clyburn v. Sumter County School District,* — S.C. —, 429 S.E. (2d) 862 (Ct. App. 1993). We affirm.

## FACTS

Fernaudra Clyburn (Clyburn) and Sylvia Witherspoon (Sylvia) were high school student passengers on a Sumter County School District (School District) bus. On Thursday, October 25, 1990, an altercation between Clyburn's niece and Sylvia ensued after Sylvia exited the bus. The bus driver refused to allow Clyburn to get off the bus at that stop, but permitted her to exit at her regular stop. Clyburn returned to the area where her niece and Sylvia had been arguing and encountered, among others, Johnnie Mae Witherspoon (Assailant), the nonstudent adult sister of Sylvia. A fight then ensued between Clyburn and Assailant.

The next morning, Assailant and her mother boarded the bus. When the driver noticed the two on the bus, she immediately told them to leave. Ignoring the driver's orders, they proceeded to where Clyburn was seated and threatened her. The driver followed and again ordered them to exit the bus. As the mother and Assailant left the bus, the driver heard Assailant threaten Clyburn, "Bitch, we will meet again."

Upon arrival at school, the driver told Lamar Atkins (Atkins), the District's Director of Transportation Services, about the incident and that Assailant had told Clyburn they would meet again. Atkins also was told of the Thursday afternoon incident.

Atkins called Clyburn and Sylvia into his office, admonished them for their behavior, and tried to telephone their parents to inform them of their children's unacceptable behavior and potential consequences of that behavior. Clyburn's mother

was at work and her employer refused to let her take a non-emergency call. Sylvia's mother's number was disconnected. Atkins told Clyburn and Sylvia he needed to speak with their parents quickly to resolve the matter without having to pursue criminal charges. Clyburn stated that Atkins assured her after the Friday incident he would take care of the matter.

On Friday afternoon, Atkins called the assistant principal at Bates Middle School, Clyburn's niece's school, and asked the assistant principal to direct the child to stay away from the high school students' bus stop and away from the situation. Atkins did not attempt further contact with the students' parents that weekend. Additionally, neither of the students' parents contacted Atkins over the weekend. After the incident, the bus driver kept a lookout for Assailant on her bus route and stated if Assailant was at a stop, she would continue to the next stop.

The following Monday, Assailant did not appear on the bus route. On Tuesday morning, however, Assailant boarded the bus, escaping the driver's immediate recognition. When the driver saw Assailant walking down the aisle, the driver tried to follow Assailant to remove her from the bus. Assailant, however, began swinging a knife at Clyburn. The other students on the bus trampled the driver as they fled the violence. Clyburn grabbed a foot-long crescent wrench from her bag and swung it at Assailant. Assailant cut Clyburn on the forehead, hand, and wrist before running off the bus. Clyburn ran after Assailant, but was restrained and taken to the hospital.

Thereafter, Clyburn filed this negligence action against the School District for injuries sustained in the attack. The School District answered and filed a motion for summary judgment. The trial judge granted the motion finding the facts viewed in the light most favorable to Clyburn showed school officials exercised, at the very least, slight care and, therefore, the School District could not be held liable. Clyburn appealed and the Court of Appeals affirmed, concluding the only reasonable inference that could be drawn was that, at the very least, the School District exercised slight care. *Clyburn v. Sumter County School District*, — S.C. —, 429 S.E. (2d) 862 (Ct. App. 1993). We affirm the result reached by the Court of Appeals for the reasons set forth herein.

## LAW/ANALYSIS

A governmental entity is not liable for loss resulting from "responsibility or duty including but not limited to supervision, protection, control, confinement or custody of any student . . . except when the responsibility or duty is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25) (Supp. 1993). Gross negligence is the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. *Richardson v. Hambright,* 296 S.C. 504, 374 S.E. (2d) 296 (1988). Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care. *See Hart v. Doe,* 261 S.E. 116, 198 S.E. (2d) 526 (1973); *Hollins v. Richland County School Dist.,* — S.C. —, 427 S.E. (2d) 654 (1993).

Gross negligence ordinarily is a mixed question of law and fact. *See Rogers v. Atlantic Coast Line R.R. Co.,* 222 S.C. 66, 71 S.E. (2d) 585 (1952). When the evidence supports but one reasonable inference, however, the question becomes a matter of law for the court. *See Foster v. South Carolina Dep't of Highways and Public Transportation,* 306 S.C. 519, 413 S.E. (2d) 31 (1992). In determining whether summary judgment is proper, the court must construe inferences arising from the evidence against the moving party. *Byers v. Westinghouse Elec. Corp.,* — S.C. —, 426 S.E. (2d) 23 (1992).

Clyburn argues Atkins' attempts to defuse the situation were lacking in care and, thus, amounted to gross negligence. Clyburn also argues Atkins' failure to bring a criminal action against Assailant after the Friday morning incident under S.C. Code Ann. § 59-67-245 (1990), which makes it unlawful for a nonstudent to board a school bus, is further evidence of the School District's conscious indifference.

Clyburn relies on our decision in *Hollins v. Richland County School District,* — S.C. —, 427 S.E. (2d) 654 (1993). *Hollins* involved an eleven-year-old child who had been suspended from riding the school bus for five days. Although the child was given a note to inform her mother of the suspension, the mother never received notice of the suspension. During the suspension, the child was killed while attempting to cross a highway on her way home from school. Because more than

one reasonable inference could be drawn from the facts, this Court held that whether the School District exercised "slight care" in sending a note home with an eleven-year old was a question for the jury. *See id.*

The factual circumstances here are readily distinguishable from *Hollins*. In *Hollins*, the school itself created the risk by failing to give adequate notice to the parent that it was suspending the eleven-year-old child from riding the bus. The school's *only* action to guard against the child being injured when crossing a busy highway on her way home from school was to send a note home with the student to notify the parent of the bus suspension. Here, Clyburn was a high school senior. Upon hearing of the altercation between Assailant and Clyburn, Atkins immediately took many steps to control the situation. He called Sylvia, Assailant's younger sister, and Clyburn into his office and discussed the seriousness of the situation with them. He warned Sylvia if her sister tried to board the bus again, her sister would face criminal charges. He talked with the assistant principal at Clyburn's niece's school and asked him to tell the niece to stay away from the bus stop where the initial altercation began. Atkins also attempted to contact the parties' parents. Additionally, Atkins did not notify the police the first time he was informed Assailant boarded the bus because he had successfully dealt with similar incidents in the past without involving the police and felt he could do so in this situation. The bus driver also kept a lookout for Assailant and stated that she would not stop the bus if she saw Assailant at a bus stop.

Unlike *Hollins*, the only reasonable inference that can be drawn from these facts is that the School District, at the very least, exercised "slight care." We agree with the Court of Appeals that the trial judge properly granted summary judgment. Thus, we AFFIRM the decision of the Court of Appeals in *Clyburn v. Sumter County School District*, — S.C. —, 429 S.E. (2d) 862 (Ct. App. 1993) for the reasons set forth herein.

Affirmed.

CHANDLER, C.J., and FINNEY, MOORE and WALLER, JJ., concur.