534 S.E.2d 275

**Linda L. ETHEREDGE, as Personal Representative of the Estate of Ernest Dunlap, III, Deceased, Respondent,**

v.

**RICHLAND SCHOOL DISTRICT ONE, Petitioner.**

No. 25159.

Supreme Court of South Carolina.

Heard Jan. 19, 2000.
Decided June 26, 2000.
Rehearing Denied July 20, 2000.

Charles E. Carpenter, Jr., Donald V. Richardson, III, Georgia Anna Mitchell and S. Elizabeth Brosnan, all of Richardson, Plowden, Carpenter & Robinson, PA, of Columbia, for petitioner.

Henry Hammer, Howard Hammer, and John W. Carrigg, Jr., all of Hammer, Hammer, Carrigg & Potterfield, of Columbia; and Douglas N. Truslow, of Columbia, for respondent.

PER CURIAM:

We granted certiorari to review the opinion of the Court of Appeals in *Etheredge v. Richland School District One,* 330 S.C. 447, 499 S.E.2d 238 (Ct.App.1998). We reverse.

On January 25, 1994, Ernest Dunlap (Dunlap), was shot and killed by Floyd Brown (Floyd), a student at Eau Claire High School (Eau Claire), while standing in the hallway during a class change. Linda Etheredge (Etheredge), personal representative of the estate of Dunlap filed an action against Richland County School District One (School District) alleging wrongful death. The School District moved for summary judgment averring that the actions were barred by the South Carolina Tort Claims Act. S.C.Code Ann. §§ 15–78–10, et seq. (Supp.1999).

The evidence submitted to the trial court at the summary judgment hearing consisted primarily of several affidavits. The School District submitted the affidavits of two Eau Claire employees (1) Dorothy Walker, a teacher and (2) Ellen Mosely, the principal at the time of the shooting. Etheredge submitted the affidavit of Harland Brown (Brown), one of the campus monitors employed by the school.

Brown was employed at Eau Claire from September 1993 through February 1994. In his affidavit, he stated that he was informed that his job would entail breaking up fights, preventing the students from having drugs and alcohol on the premises at the high school, and providing security for the school. Brown alleged that he received absolutely no training from the School District or Eau Claire.

Brown asserted that he was not given the proper equipment to perform his job [1] and his requests to the School District for the appropriate equipment were ignored. He also insisted that he needed the authority to search the persons, bookbags or lockers of the students. Brown described the situation at Eau Claire as very volatile. He expressed his belief that students apprehended for criminal activity were never disciplined in a manner consistent with the severity of their

---

1. Brown felt that he needed a uniform, a badge to display authority, possibly a sidearm, a night stick, a flashlight, chemical mace, and handcuffs and/or other restraining devices.

offense. He was present at Eau Claire in his capacity as campus monitor on the day of the shooting.

The trial court granted the School District's motion based on S.C.Code Ann. § 15–78–60 (Supp.1999).[2] Etheredge appealed.

On appeal, the Court of Appeals reversed and remanded, holding that the trial court erred in granting summary judgment and finding that there was sufficient evidence to create a jury question whether the School District acted in a grossly negligent manner. We granted the School District's petition for a writ of certiorari.

The School District argues that the Court of Appeals erred in holding that Brown's affidavit created a genuine issue of material fact whether the School District was grossly negligent. We agree.

A governmental entity is not liable for a loss resulting from the "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student ... except when the responsibility or duty is exercised in a grossly negligent manner." S.C.Code Ann. § 15–78–60(25) (Supp.1999).

Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. *Clyburn v. Sumter County District Seventeen*, 317 S.C. 50, 451 S.E.2d 885 (1994); *Richardson v. Hambright*, 296 S.C. 504, 374 S.E.2d 296 (1988). It is the failure to exercise slight care. *Clyburn, supra*. Gross negligence has also been defined as a relative term, and means the absence of care that is necessary under the circumstances. *Hollins v. Richland County School District One*, 310 S.C. 486, 427 S.E.2d 654 (1993). Additionally, while gross negligence ordinarily is a mixed question of law and fact, when the evidence supports but one reasonable inference, the question becomes a matter of law for the court. *Clyburn, supra*.

---

2. The trial court relied upon five subsections of § 15–78–60: subsections (4), (5), (9), (20), and (25).

 Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and the conclusions and inferences to be drawn from the facts are undisputed. *SSI Medical Services, Inc. v. Cox,* 301 S.C. 493, 392 S.E.2d 789 (1990). In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the nonmoving party. *Id.*

In *Clyburn, supra,* we affirmed the decision of the Court of Appeals and the lower court granting summary judgment to the School District. We held that the School District was not grossly negligent as a matter of law in its handling of a dispute between a student and a nonstudent where the nonstudent attacked the student on a school bus with a knife. After hearing of the initial altercation on the bus, the school bus administrator called the student and the nonstudent's sister into the office to discuss the situation, warned the sister that the nonstudent sister would face criminal charges if she boarded the bus again and attempted to contact the parents. The bus driver watched for the nonstudent and stated she would not stop the bus if she saw the nonstudent. We found that the intervention showed that the School District exercised at the very least "slight care."

In *Hollins, supra,* we found that whether the School District exercised "slight care" in sending a note home with an eleven-year old student who lost her bus privileges was a question for the jury. The suspension notice was given to the child and not directly to her mother. While walking home, the eleven-year old was fatally struck by an automobile while attempting to cross the highway. We said that the school itself created the risk by failing to give adequate notice to the parent about the suspension. We took notice of the age difference between the parties and distinguished the steps taken by the administrators in *Clyburn* to control the situation.

 In this case, the students were high school age and the School District had no direct knowledge or notice of the animosity between Dunlap and Floyd. The only reasonable inference that can be drawn is that the School District, at the very least, exercised "slight care" to ensure the safety of its

students. The principal, assistant principal and the two security monitors constantly monitored the hallways and were in constant contact with each other by walkie talkies. The teachers stood in their doorways to watch students during the change of class. Some of the doors were locked to limit the flow of traffic. A list of suspended students was circulated daily. There was an intervention system set up to help resolve conflicts between the students. At the very least, "slight care" was taken.

Brown's affidavit describes what he finds to be deficiencies at Eau Claire, but there is no evidence in Brown's affidavit that links these deficiencies or the School District's failure to provide him with a uniform, night stick or to properly train him to the prevention of this tragic incident. Further, the fact that the School District might have done more does not negate the fact that it exercised "slight care."

■ The School District also argues that the Court of Appeals erroneously interpreted the School District's Answer as an admission that the School District had notice, before the shooting, of the problems between Dunlap and Floyd. We agree.

Paragraph three (3) of the School District's answer states:

The Defendant admits that Earnest Dunlap, III was shot and killed while attending Eau Claire High School as a student. The Defendant further admits that prior to this incident, Ernest Dunlap, III's actions toward the pupil who shot him created a belief by that pupil that such pupil was in imminent danger of losing his life or sustaining serious bodily injury.

There is no indication from this language that the School District knew about the specific problems between these two students. Nor is there an admission that the School District had advance notice that a shooting was about to happen. The answer merely attempts to state the belief of Floyd.

Based on the foregoing, the Court of Appeals is REVERSED.