**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ARETHA DAVIS; DENISE VEREEN;
LINDA THOMPKINS,
<em>Plaintiffs-Appellants,</em>

v.

ANVIL KNITWEAR, INCORPORATED,
<em>Defendant-Appellee.</em>

No. 00-2517

ARETHA DAVIS; DENISE VEREEN;
LINDA THOMPKINS,
<em>Plaintiffs-Appellees,</em>

v.

ANVIL KNITWEAR, INCORPORATED,
<em>Defendant-Appellant.</em>

No. 00-2552

Appeals from the United States District Court
for the District of South Carolina, at Florence.
Margaret B. Seymour, District Judge.
(CA-99-1498-4-24)

Submitted: September 28, 2001

Decided: October 12, 2001

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

---

No. 00-2517 affirmed and No. 00-2552 dismissed by unpublished per
curiam opinion.

---

**COUNSEL**

Chalmers C. Johnson, CHALMERS JOHNSON LAW FIRM, Charleston, South Carolina, for Appellants. Saunders M. Bridges, Jr., BRIDGES, ORR & ERVIN, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

The Appellants, Aretha Davis, Denise Vereen, and Linda Thompkins, are former employees of the Appellee, Anvil Knitwear, Inc. ("Anvil"). The Appellants were terminated from their positions as garment inspectors for gross negligence after Anvil determined they had approved defective garments for shipment to a customer, which subsequently rejected the shipment and closed its account with Anvil. The Appellants brought this action in the Circuit Court for Marion County, South Carolina, alleging defamation, wrongful termination in breach of an employment contract, and breach of the implied covenant of good faith and fair dealing. Anvil removed the action to federal court under diversity jurisdiction and moved for summary judgment. The Appellants abandoned their defamation claim and opposed Anvil's motion for summary judgment. Although the district court rejected Anvil's argument that the Appellants were at-will employees, it granted Anvil's motion for summary judgment on alternate grounds. Both parties appeal.

This Court reviews a grant of summary judgment de novo. *Higgins v. E. I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This Court views the evidence in the light most

favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

On appeal, the Appellants assert the district court erred in finding their actions were grossly negligent, subjecting them to termination under Anvil's employment handbook even if they were not at-will employees. Anvil asserts the district court properly determined the Appellants' actions were grossly negligent, but argues its employment handbook and oral statements did not alter the Appellants' at-will employment status. Because we find no error in the district court's determination that the Appellants' actions constituted gross negligence, *see Clyburn v. Sumter County Sch. Dist. 17*, 451 S.E.2d 885, 887-88 (S.C. 1994), we need not decide whether the court properly found Appellants were not at-will employees. We therefore affirm the district court's order granting Anvil summary judgment and dismiss Anvil's cross-appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

No. 00-2517 - *AFFIRMED*

No. 00-2552 - *DISMISSED*