THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Andre Little,
 by and through his legal guardian, Leon Mack, Appellant,
 
 
 

v.

 
 
 
 Barnwell School
 District 45 and Barnwell County Sheriff's Department, Respondents.
 
 
 

Appeal From Barnwell County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2012-UP-115   
 Heard January 25, 2012  Filed February
29, 2012

AFFIRMED

 
 
 
 R. Bentz Kirby and Glenn Walters, of
 Orangeburg, for Appellant.
 Allen D. Smith, Jasmine Rogers Drain, and Kenneth
 L. Childs, all of Columbia, for Respondent Barnwell School District 45.
 R. Morrison M.  Payne and Christy L.
 Scott, both of Walterboro, for Respondent Barnwell County Sheriff's Department.
 
 
 

PER CURIAM: In this action under the South Carolina
 Tort Claims Act arising from an interrogation about an incident at Barnwell
 High School, plaintiff Andre Little, by and through his legal guardian, Leon
 Mack, appeals the grant of summary judgment to Barnwell School District 45 and
 the Barnwell County Sheriff's Department.  On appeal, Little argues summary
 judgment to the Sheriff's Department was premature in view of (1) a conflict in
 testimony concerning the behavior of the school resource officer involved in
 the interrogation, (2) the school resource officer's acknowledgment that the
 accusations made by Little and his family, if true, would have been evidence of
 improper behavior on her part, and (3) evidence that the school resource
 officer did not receive adequate training to interrogate a student.  Little
 further contends summary judgment to Barnwell School District 45 was improper
 because of (1) evidence purportedly showing that the principal of Barnwell High
 School was not properly equipped to deal with an interrogation of a student by
 student resource officers and (2) evidence that the principal failed to
 intervene in the school resource officer's allegedly abusive interrogation of
 Little.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: S.C. Code Ann. § 15-78-60(25) (2005) (stating a governmental
 entity is not liable for a loss resulting from any responsibility or duty
 arising from the "supervision, protection, control, confinement, or
 custody of any student, . . . except when the responsibility or duty is
 exercised in a grossly negligent manner"); Etheredge v. Richland Sch.
 Dist. One, 341 S.C. 307, 312, 534 S.E.2d 275, 278 (2000) (stating the fact
 that a governmental entity "might have done more does not negate the fact
 that it exercised 'slight care'"); Richardson v. Hambright, 296
 S.C. 504, 506, 374 S.E.2d 296, 298 (1988) ("Gross negligence is the
 intentional, conscious failure to do something which it is incumbent upon one
 to do or the doing of a thing intentionally that one ought not to do.").
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.