**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jennifer Middleton, as parent and GAL for Jane Doe,
Appellant,

v.

Orangeburg Consolidated School District Three,
Respondent.

Appellate Case No. 2014-002402

———————————

Appeal From Orangeburg County
James B. Jackson, Jr., Special Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-189
Submitted March 1, 2016 – Filed May 4, 2016

———————————

**AFFIRMED**

———————————

Glenn Walters, Sr. and R. Bentz Kirby, both of Glenn Walters & Associates, P.A., of Orangeburg, for Appellant.

Andrea Eaton White and Meredith Lee Seibert, both of Duff, White & Turner, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:**  Jennifer Middleton appeals the trial court's grant of summary judgment in favor of Orangeburg Consolidated School District Three (the School District).  We affirm.[1]

1.  We find the School District was entitled to summary judgment on Middleton's claim the School District was negligent in failing to have in place a specific policy for bus drivers to follow in situations such as the one giving rise to this action.  *See* S.C. Code Ann. § 15-78-60(4) (2005) (providing that a governmental entity is not liable for a loss resulting from "adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies").[2]

2.  We find the trial court did not err in finding there were no genuine issues of material fact concerning the issue of whether the bus driver was grossly negligent in his handling of the situation that gave rise to this lawsuit; therefore, summary judgment was properly granted on this issue.  *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP."); *id.* ("Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 361-62, 563 S.E.2d at 333 ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party."); *Byerly v. Connor*, 307 S.C. 441, 445, 415 S.E.2d 796, 799 (1992) ("Summary judgment can be granted when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ."); *Lord v. D & J Enters.*, 407 S.C. 544, 553, 757 S.E.2d 695, 699 (2014) ("Once the moving party carries its initial burden, the opposing party must do more than rest upon the mere allegations or denials of his pleadings, but must, by affidavit or otherwise, set forth specific facts to show that there is a genuine issue for trial."); S.C. Code Ann. § 15-78-

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] To the extent Middleton raises the School District's training of its bus drivers as a separate argument, that issue is unpreserved because Middleton did not raise the issue of bus driver training to the trial court at the summary judgment hearing.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").

60(25) (2005) (providing that a governmental entity is not liable for any loss resulting from a "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student . . . , except when the responsibility or duty is exercised in a grossly negligent manner"); *Etheredge v. Richland Sch. Dist. One*, 341 S.C. 307, 310, 534 S.E.2d 275, 277 (2000) ("Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do."); *id.* (explaining gross negligence "is the failure to exercise slight care"); *id.* ("[W]hile gross negligence ordinarily is a mixed question of law and fact, when the evidence supports but one reasonable inference, the question becomes a matter of law for the court").

3. We find it unnecessary to rule on whether the trial court erred in finding the School District was entitled to discretionary immunity under section 15-78-60(5) of the South Carolina Code. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**