**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eugene Magwood, Appellant,

v.

J. Al Cannon, Jr., in his official capacity as Sheriff of Charleston County, Inspector Anderson, Inspector Antonio, Charles Ghent, and South Carolina Law Enforcement Division, Respondents.

Appellate Case No. 2014-001977

---

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-045
Submitted December 1, 2016 – Filed January 25, 2017

---

**AFFIRMED**

---

Jerry Leo Finney, of The Finney Law Firm, Inc., and Stephanie Ruotolo Fajardo, of The Fajardo Law Firm, LLC, both of Columbia, for Appellant.

Robin Lilley Jackson and Christopher Thomas Dorsel, both of Senn Legal, LLC, both of Charleston, for Respondents.

---

**PER CURIAM:** Eugene Magwood appeals the trial court's grant of summary judgment in favor of the Charleston County Sheriff's Department, Sheriff J. Al Cannon, Jr., Inspector Michael Anderson, Inspector Roger Antonio, Special Agent Charles Ghent, and the South Carolina Law Enforcement Division (collectively Respondents). Magwood argues the trial court erred by granting Respondents' motion for summary judgment on the grounds (1) no genuine issue of material fact existed and (2) Respondents were entitled to immunity under the Tort Claims Act (the Act).[1] We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by granting summary judgment on the ground no genuine issues of material fact existed: *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id*. at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Harbit v. City of Charleston*, 382 S.C. 383, 389-90, 675 S.E.2d 776, 779 (Ct. App. 2009) ("In determining whether any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Hedgepath v. AT&T*, 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct. App. 2001) ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted."); *Carolina All. for Fair Emp't v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 799 (Ct. App. 1999) ("The party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact."); *id.* at 485, 523 S.E.2d at 799-800 ("Once the party moving for summary judgment meets this initial burden, the non-moving party cannot simply rest on the mere allegations or denials contained in the pleadings."); *id.* at 485, 523 S.E.2d at 800 ("Rather, the non-moving party must come forward with specific facts showing there is a genuine issue for trial.").

2. As to whether the trial court erred by granting summary judgment on the ground of immunity under the Act: S.C. Code Ann. § 15-78-20(b) (2005) (stating the purpose of the Act is to "grant the State, its political subdivisions, and employees, while acting within the scope of official duty, immunity from liability

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2016).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

and suit for any tort except as waived by [the Act]"); S.C. Code Ann. § 15-78-60(5) (2005) (explaining a governmental entity is not liable for loss resulting from "the exercise of discretion or judgment . . . or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee"); S.C. Code Ann. § 15-78-60(25) (2005) (explaining a governmental entity is not liable for loss resulting from "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner"); *Etheredge v. Richland Sch. Dist. One*, 341 S.C. 307, 310, 534 S.E.2d 275, 277 (2000) (defining gross negligence as "the failure to exercise slight care"); *Staubes v. City of Folly Beach*, 331 S.C. 192, 205, 500 S.E.2d 160, 167 (Ct. App. 1998) ("The exceptions under the Act must be construed liberally in favor of limiting the liability of the State and its political subdivisions.").

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**