**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nadine Brantley, Appellant,

v.

The City of Rock Hill, a body politic and subdivision of the State of South Carolina, and Wherry Construction Co., Inc., Defendants,

Of Which The City of Rock Hill, a body politic and subdivision of the State of South Carolina is the Respondent.

Appellate Case No. 2015-000079

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2017-UP-335
Submitted June 1, 2017 – Filed August 2, 2017

**AFFIRMED**

Nadine Brantley, of Charlotte, North Carolina, pro se.

William Mark White and Jeremy Daniel Melville, of Spencer & Spencer, PA, of Rock Hill, for Respondent.

**PER CURIAM:** Nadine Brantley appeals the circuit court's order granting summary judgment in favor of the City of Rock Hill (the City) on her claims for nuisance, inverse condemnation, and gross negligence. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Brantley's claim the circuit court erred in granting summary judgment on her nuisance claim: Rule 56(c), SCRCP (stating the circuit court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Carolina All. for Fair Emp't v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 800 (Ct. App. 1999) ("The plain language of Rule 56(c), SCRCP, mandates the entry of summary judgment, after adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."); *Hedgepath v. Am. Tel. & Tel. Co.*, 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct. App. 2001) ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted."); *id.* at 354, 559 S.E.2d at 335 ("Once the moving party carries its initial burden, the 'opposing party must, under Rule 56(e), [SCRCP,] "do more than simply show that there is some metaphysical doubt as to the material facts" but "must come forward with specific facts showing that there is a genuine issue for trial."'" (emphasis omitted) (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991))); S.C. Code Ann. § 15-78-60(7) (2005) ("The governmental entity is not liable for a loss resulting from . . . a nuisance . . . .").

2. As to Brantley's claim the circuit court erred in granting summary judgment on her inverse condemnation claim: *Marietta Garage, Inc. v. S.C. Dep't of Pub. Safety*, 352 S.C. 95, 101, 572 S.E.2d 306, 308 (Ct. App. 2002) ("To prove an inverse condemnation, a plaintiff must show: (1) an affirmative, positive, aggressive act on the part of the governmental agency; (2) a taking; (3) the taking is for a public use; and (4) the taking has some degree of permanence."); *Hawkins v. City of Greenville*, 358 S.C. 280, 291, 594 S.E.2d 557, 563 (Ct. App. 2004) ("Allegations of mere failure to act are insufficient."); *id.* at 291-92, 594 S.E.2d at 562-63 (holding the City of Greenville's design and maintenance of the drainage system did not constitute inverse condemnation).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

3. As to Brantley's claim the circuit court erred in granting summary judgment on her gross negligence claim: S.C. Code Ann. § 15-78-60(12) (2005) ("The governmental entity is not liable for a loss resulting from . . . licensing powers or functions . . . except when the power or function is exercised in a grossly negligent manner . . . ."); *Clyburn v. Sumter Cty. Sch. Dist. No. 17*, 317 S.C. 50, 53, 451 S.E.2d 885, 887-88 (1994) ("Gross negligence is the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care. Gross negligence ordinarily is a mixed question of law and fact. When the evidence supports but one reasonable inference, however, the question becomes a matter of law for the court." (citations omitted)).

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**