**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Keith L. Montgomery, Respondent,

v.

Richland County, Appellant.

Appellate Case No. 2018-000894

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Opinion No. 2021-UP-043
Submitted December 2, 2020 – Filed February 10, 2021

———————

**AFFIRMED**

———————

Robert David Garfield, of Crowe LaFave, LLC, and
Andrew F. Lindemann, of Lindemann & Davis, P.A.,
both of Columbia, for Appellant.

Mary P. Miles, of Law Office of Mary P. Miles, of
Columbia, for Respondent.

———————

**PER CURIAM:** Richland County appeals from a jury verdict for Keith
Montgomery in a gross negligence action resulting from Montgomery being
injured while he was a prisoner housed at the Alvin S. Glenn Detention Center
(Detention Center) located in Columbia, South Carolina. Richland County argues

the trial court erred in denying its motions for a directed verdict and judgment notwithstanding the verdict (JNOV) and denying it the opportunity to offer evidence that Montgomery lied about the charges for which he had been detained at the Detention Center.  We affirm.[1]

1.      Richland County argues the trial court erred in denying its directed verdict and JNOV motions because the record contains no evidence to support a finding of gross negligence based upon the conduct of the truck driver.  Viewing the evidence and all reasonable inferences in the light most favorable to Montgomery, we find Montgomery presented evidence that the truck driver was grossly negligent in his actions by failing to exercise slight care.  *See RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331-32, 732 S.E.2d 166, 171 (2012) ("When reviewing the trial court's ruling on a motion for a directed verdict or a JNOV, this [c]ourt must apply the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* at 332, 732 S.E.2d at 171 ("The trial court must deny a motion for a directed verdict or JNOV if the evidence yields more than one reasonable inference or its inference is in doubt."); *id.* (holding this court will reverse the trial court's ruling only if no evidence supports the ruling below); *id.* ("In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence.").  Montgomery testified the truck driver was on his walkie-talkie and not paying attention.  He also testified the truck driver was supposed to blow the horn when he got in the truck to let them know he was pulling off.  Because there was evidence that could support the jury's finding of gross negligence against Richland County, the motions for directed verdict and JNOV were properly denied.  *See Etheredge v. Richland Sch. Dist. One*, 341 S.C. 307, 310, 534 S.E.2d 275, 277 (2000) ("Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do."); *id.* ("It is the failure to exercise slight care."); *Staubes v. City of Folly Beach*, 331 S.C. 192, 205, 500 S.E.2d 160, 167 (Ct. App. 1998) ("Where a person is so indifferent to the consequences of his conduct as not to give slight care to what he is doing, he is guilty of gross negligence."); *Jackson v. S.C. Dep't of Corr.*, 301 S.C. 125, 127, 390 S.E.2d 467, 468 (Ct. App. 1989) ("If there is any evidence which could support the jury's finding of gross negligence against the Department, then the motion for judgment notwithstanding the verdict should have been denied.").  In deciding such motions, this court does not have the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence.  *See RFT Mgmt. Co.*,

---

[1]  We affirm pursuant to Rule 220(b)(1), SCACR.

399 S.C. at 332, 732 S.E.2d at 171 ("In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence."). Therefore, we find the trial court properly submitted this claim to the jury based upon the evidence presented, and Richland County was not entitled to a directed verdict or JNOV on the gross negligence claim.

2.      Richland County argues the trial court erred in denying it the opportunity to offer evidence that Montgomery lied about the charges for which he had been detained at the Detention Center. The trial court has wide discretion in determining the relevancy of evidence, and this court will not reverse its decision to admit or reject evidence absent an abuse of that discretion. *See Moore v. Moore*, 360 S.C. 241, 257, 599 S.E.2d 467, 475 (Ct. App. 2004) ("[T]he admission of evidence is a matter addressed to the sound discretion of the trial court."); *id.* ("[T]his court will not disturb a trial court's evidentiary rulings absent a clear abuse of discretion."); *id.* at 257-58, 599 S.E.2d at 476 ("The trial [court] has wide discretion in determining the relevancy of evidence, and [its] decision to admit or reject evidence will not be reversed on appeal absent an abuse of that discretion."); *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support."). Richland County was allowed to question Montgomery about his previous eight bookings at the Detention Center. Thus, Richland County was able to show Montgomery's bias or prejudice against the Detention Center and his motive to misrepresent the facts of his claim, which was its initial reasoning for questioning Montgomery about his other bookings at the Detention Center. Therefore, we find the trial court did not commit an error of law or abuse its discretion by excluding the re-cross examination testimony on the actual charges for which Montgomery had been detained.

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.