**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Levi Bing, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-001686

———————

Appeal From Lee County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-160
Submitted March 1, 2021 – Filed May 12, 2021

———————

**AFFIRMED**

———————

Marion Clyde Fairey, Jr., of The Fairey Law Firm, LLC, of Hampton, and Clyde C. Dean, Jr., of Deal Law Firm, PLLC, of Orangeburg, both for Appellant.

G. Murrell Smith, Jr., of Smith Robinson Holler DuBose Morgan, LLC, of Sumter, for Respondent.

———————

**PER CURIAM:** Levi Bing appeals the circuit court's grant of summary judgment in favor of the South Carolina Department of Corrections (the Department) in Bing's action for negligence and gross negligence. Bing argues the circuit court erred in (1) finding the Department did not owe a duty to protect him from an

attack by Willis Dorsey, his cell mate; (2) finding the Department was not grossly negligent in failing to honor his request for a cell transfer and in allowing Dorsey to possess and use an electric hot pot in their cell; and (3) discounting testimony from Bing's expert in prison administration as conclusory. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The circuit court properly found there was no duty for the Department to protect Bing from Dorsey. *See Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 334, 566 S.E.2d 536, 546 (2002) (holding that "[u]nder South Carolina law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger"); *id.* (recognizing five exceptions to the general rule: (1) "where the defendant has a special relationship to the victim"; (2) "where the defendant has a special relationship to the injurer"; (3) "where the defendant voluntarily undertakes a duty"; (4) "where the defendant negligently or intentionally creates the risk"; and (5) "where a statute imposes a duty on the defendant"); *id.* at 339, 566 S.E.2d at 548 (finding the Department of Juvenile Justice (DJJ) had an independent duty to prevent a known dangerous juvenile in its custody from harming others but noting its "reluctan[ce] to impose the duty to control unless there is an established authority relationship *and* a substantial risk of serious harm" (emphasis added)). Bing testified that before the attack, he and Dorsey shared a cell for approximately one month without incident, and he never felt threatened by Dorsey. Further, unlike in *Faile*, in which the DJJ had several indicators of the juvenile's potential for future violence, Bing did not present evidence that the Department had any prior indication of Dorsey's violence, and the Department's prison administration expert testified that nothing in the record indicated Dorsey posed a threat to Bing.

2. The circuit court properly found the Department was not grossly negligent. *See Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the [circuit] court."); *id.* at 109-10, 662 S.E.2d at 41 ("A grant of summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party."). The evidence supports only one inference—that the Department exercised at least slight care in ensuring Bing's safety, and therefore, was not grossly negligent. Thus, the Department was entitled to governmental immunity under the South Carolina Tort Claims Act. *See* S.C.

Code Ann. § 15-78-60(25) (2005) ("[A] governmental entity is not liable for a loss resulting from . . . responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any . . . prisoner [or] inmate . . . of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner."); *Etheredge v. Richland Sch. Dist. One*, 341 S.C. 307, 310, 534 S.E.2d 275, 277 (2000) ("Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do."); *id.* ("[Gross negligence] is the failure to exercise slight care."); *id.* ("[W]hile gross negligence ordinarily is a mixed question of law and fact, when the evidence supports but one reasonable inference, the question becomes a matter of law for the court.").  Bing failed to present any evidence the Department knew or should have known that Dorsey was dangerous or was likely to behave violently in the future.  During his deposition, Bing conceded that during the month he and Dorsey shared a cell, they did not have any altercations and he never felt threatened or unsafe.  Bing also acknowledged that his request for a cell transfer was not due to fear that Dorsey might harm him, but instead, was based solely on his desire to avoid the possibility of facing disciplinary action for Dorsey's participation in illegal or prohibited activity.  Moreover, Bing failed to present any evidence that Dorsey was aware that Bing submitted a transfer request or that Bing informed the correctional officers that Dorsey had engaged in prohibited and illegal activity in their shared cell.  The correctional officer who heard Bing's transfer request and the Department's expert on prison administration testified the Department fully complied with its cell assignment policy when it assigned Bing and Dorsey to the same cell.  Finally, the Department's expert on prison administration testified that hot pots were not a per se dangerous instrument and they were widely used in prisons around the country.  Thus, the circuit court did not err in finding there was no genuine issue as to any material fact and the Department was entitled to summary judgment as a matter of law.

3.  The circuit court properly considered the testimony of Bing's expert on prison administration.  In its order, the circuit court considered the testimony along with all other evidence and explicitly stated it did not exclude the expert's affidavit.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.