**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Monica Brown-Gantt, Appellant,

v.

Centex Real Estate Company, LLC and Centex Homes, a Nevada General Partnership, Defendants,

And

Centex Real Estate Company, LLC and Centex Homes, a Nevada General Partnership, Third-Party Plaintiff,

v.

Floors, Inc., successor by merger to Rice Planters Carpets, Inc., subsequently known as Creative Touch Interiors, Inc. d/b/a HD Supply Interior Solutions and now known as ISI Design and Installation Solutions, Inc., J.H. Lee Masonry, Inc. a/k/a James H. Lee Masonry, Inc., DVS, Inc., McDaniel Construction Co., LLC a/k/a McDaniel Construction, Inc., and All-American Roofing, Inc., Third-Party Defendants,

Of which Centex Real Estate Company, LLC and Centex Homes, A Nevada General Partnership are the Respondents.

Appellate Case No. 2020-000985

———————————

Appeal From Dorchester County
George M. McFaddin, Jr., Circuit Court Judge

Unpublished Opinion No. 2023-UP-132
Submitted March 1, 2023 – Filed April 5, 2023

**AFFIRMED**

William King Kalivas, of Charleston, for Appellant.

Thomas C. Hildebrand, Jr. and William Greyson Land,
both of Parker Poe Adams & Bernstein, LLP, of
Charleston, for Respondents.

**PER CURIAM:**  Monica Brown-Gantt (Brown) appeals a circuit court order granting summary judgment to Centex Real Estate Company, LLC, and Centex Homes, a Nevada General Partnership (collectively, Centex).  On appeal, Brown argues the circuit court erred in granting summary judgment to Centex because (1) the parties did not have an opportunity to engage in full and fair discovery, (2) the statute of limitations did not bar her claims, and (3) the statute of repose did not bar her claims.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in granting summary judgment to Centex based on the statute of repose because Brown failed to file her lawsuit within eight years of the issuance of the certificate of occupancy.  *See Turner v. Millman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); S.C. Code Ann. § 15-3-640 (Supp. 2022) ("No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than eight years after substantial completion of the improvement."); *id.* ("For any improvement to real property, a certificate of occupancy issued by a county or municipality, in the case of new construction . . . shall constitute proof of substantial completion of the improvement under the provisions of [s]ection 15-3-630[ of the South Carolina Code (2005)], unless the contractor and owner, by

written agreement, establish a different date of substantial completion.").  We also hold the gross negligence exception does not apply to this case because Brown failed to present any evidence to show Centex was grossly negligent in the construction of her home.  *See* S.C. Code Ann. § 15-3-670(A) (Supp. 2022) ("The limitations provided by [s]ection[] 15-3-640 . . . are not available as a defense to a person guilty of . . . gross negligence . . . in providing components in furnishing materials, in developing real property, in performing or furnishing the design, plans, specifications, surveying, planning, supervision, testing or observation of construction, construction of, or land surveying, in connection with such an improvement, or to a person who conceals any such cause of action."); *Clyburn v. Sumter Cnty. Sch. Dist. No. 17*, 317 S.C. 50, 53, 451 S.E.2d 885, 887 (1994) ("Gross negligence is the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do."); *id.* ("Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care."); S.C. Code Ann. § 15-3-670(B) (Supp. 2022) (stating that although the violation of a building code does not constitute per se gross negligence, it *may* be admissible as evidence of gross negligence).  We further hold the circuit court did not err in granting summary judgment even though discovery had not been completed because Brown failed to show further discovery would uncover additional relevant evidence and create a genuine issue of material fact.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact.").[1]

**AFFIRMED.**[2]

---

[1] Because the statute of repose bars Brown's claims and Brown failed to show how further discovery would uncover additional relevant evidence and create a genuine issue of material fact as to this defense, we decline to address Brown's remaining arguments regarding the statute of limitations, equitable estoppel, and equitable tolling.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**