**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Pennie Wolfe, as Personal Representative of the Estate of Jason Wolfe, Appellant,

v.

Anderson County Sheriff's Office and Security Transport Services, Inc., Defendants,

of which Anderson County Sheriff's Office is the Respondent.

Appellate Case No. 2025-000046

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-041
Submitted January 2, 2026 – Filed February 4, 2026

———————

### AFFIRMED

———————

William Thomas Young, III, of Young Law Firm LLC, of Greenville, for Appellant.

Steven Michael Pruitt, of McDonald Patrick Poston Hemphill & Roper, LLC, of Greenwood, for Respondent.

———————

**PER CURIAM:** Pennie Wolfe (Wolfe), as Personal Representative of the Estate of Jason Wolfe (Jason), appeals the circuit court's order granting Anderson County Sheriff's Office's (ACSO's) motion for summary judgment on Wolfe's claims for negligence, gross negligence, and recklessness. On appeal, Wolfe argues the circuit court erred in granting ACSO's motion for summary judgment because (1) the only affidavit offered in support of summary judgment was not timely filed; (2) the affidavit was not made on personal knowledge, the testimony from the affidavit would not have been admissible at trial, and the affiant was not competent to testify regarding the duties owed by ACSO; and (3) summary judgment was granted without adequate time for discovery. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the issue of whether ACSO timely filed the affidavit was not preserved for appellate review because Wolfe did not raise this issue to the circuit court or obtain a ruling on the issue. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

2. Initially, we hold any argument that the circuit court improperly considered the affidavit of Dr. Qing Liu, the chief medical officer of Mediko, Inc. (Mediko), pursuant to Rule 56(e) of the South Carolina Rules of Civil Procedure—because it was not based on personal knowledge and Dr. Liu was not introduced as an expert witness—was not preserved for appellate review. At the summary judgment hearing, Wolfe did not challenge the *admissibility* of the affidavit on this basis, but rather contended the affidavit only addressed the actions of Mediko instead of ACSO, resulting in a genuine issue of material fact. Although Wolfe raised this issue in her motion to alter or amend, she did not present it to the circuit court at the hearing; accordingly, this argument was not preserved for appellate review. *See MailSource, LLC v. M.A. Bailey & Assocs.*, 356 S.C. 370, 374, 588 S.E.2d 639, 641 (Ct. App. 2003) ("A party cannot raise an issue for the first time in a Rule 59(e) [of the South Carolina Rules of Civil Procedure] motion which could have been raised at trial.").

Next, we hold the circuit court did not err in granting ACSO's motion for summary judgment because the evidence supported only that ACSO did not engage in gross negligence. *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c) [of the South Carolina Rules of Civil Procedure]."); *Kitchen Planners, LLC v. Friedman*, 440

S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (alterations in original) (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Kitchen Planners*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))). Here, although Wolfe contends Dr. Liu's affidavit only addressed the actions of Mediko, the company that provided healthcare services for Anderson County Detention Center, ACSO placed Jason into the medical care of Mediko upon his arrival at the detention center. Dr. Liu's affidavit and Jason's medical records reflect that after he entered Mediko's care, two of Jason's medications, Klonopin and Lyrica, were withheld due to a high risk of addiction and abuse, and Jason was prescribed a tapering dose of Ativan to address any possible withdrawal symptoms, was administered Ativan and his remaining medications every day except for one single afternoon dose, and had his vital signs monitored twice a day. Additionally, Jason left the detention center after eight days and before any scheduled mental health exam could occur. Therefore, despite any alleged inconsistencies with ACSO's intake forms, the evidence shows ACSO placed Jason into Mediko's care upon his arrival at the detention center, which constituted at least the exercise of slight care such that there were no genuine issues of material fact as to whether ACSO was grossly negligent. *See Clyburn v. Sumter Cnty. Sch. Dist. No. 17*, 317 S.C. 50, 53, 451 S.E.2d 885, 887 (1994) ("Gross negligence ordinarily is a mixed question of law and fact."); *id.* at 53, 451 S.E.2d at 887-88 ("When the evidence supports but one reasonable inference, however, the question becomes a matter of law for the court."); S.C. Code Ann. § 15-78-60(25) (2005) ("The governmental entity is not liable for a loss resulting from: . . . responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner . . . ."); *Jinks v. Richland County*, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003) ("Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. It is the failure to exercise slight care." (citation omitted)).

3. We hold the circuit court did not err in granting ACSO's motion for summary judgment because Wolfe did not show that further discovery was likely to uncover

additional relevant evidence.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *id.* ("Nonetheless, the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))).

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.